JAMES C. NIELSEN (111889)
 *jnielsen@nielsenhaley.com*
DANIEL N. KATIBAH (293251)
 *dkatibah@nielsenhaley.com*
NIELSEN, HALEY & ABBOTT LLP
100 Smith Ranch Road, Suite 350
San Rafael, California 94903
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

Attorneys for Defendant
UNITED NATIONAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| L.A. TERMINALS, INC., and SOCO WEST, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED NATIONAL INSURANCE COMPANY,<br><br>Defendant. | No.: 8:19-cv-00286-ODW (SSx)<br><br>**STIPULATION AND PROTECTIVE ORDER [DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE SUZANNE H. SEGAL]** |

**1.   A.   <u>Purposes and Limitations</u>**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure or use for any purpose other than prosecuting or defending this litigation may be warranted. As such, the parties—plaintiffs L.A. Terminals, Inc. and Soco West, Inc., and defendant United National Insurance Company—hereby agree and stipulate to entry of the following

protective order. The parties acknowledge that this order applies only to the information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this order does not entitle them to file confidential information under seal, which will be governed by Civil Local Rule 79-5.

### B. Good Cause Statement

This action is likely to involve trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure or use for any purpose other than prosecution or defense of this action is warranted. Such materials and information may consist of, among other things, insurance-underwriting materials and methodologies, customer pricing lists, confidential financial information, information regarding confidential business practices, information implicating one or more party's interests in other litigation, and information implicating the privacy rights of third parties that are not directly involved in this litigation, all of which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite discovery, to facilitate prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties contend they are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address the handling of confidential materials and information at the conclusion of litigation, and to serve the ends of justice, a protective order for such information and materials is justified in this matter. It is the intent of the parties that information or materials will not be designated as confidential for tactical reasons, and that information and materials will not be so designated without a good faith belief that such information or materials have been maintained in a confidential manner and there is good cause why

such information or materials should not be part of the public record of this case.

## 2. DEFINITIONS

2.1 <u>Action</u> means this lawsuit styled *L.A. Terminals, Inc., et al. v. United National Insurance Company*, Centr. Dist. Cal. No. 8:19-cv-00286-ODW-SS.

2.2 <u>Challenging Party</u> means a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u> means information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

2.4 <u>Counsel</u> means Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u> means a Party or Non-Party that designates as "CONFIDENTIAL" information or items produced in disclosures or in responses to discovery.

2.6 <u>Disclosure or Discovery Material</u> means all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or in response to discovery in this matter.

2.7 <u>Expert</u> means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u> means attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u> means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u> means attorneys who are not employees of a party to this Action but who are retained to represent or advise a party to this Action and

who have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including support staff.

2.11 <u>Party</u> means any party to this Action, including any party's officers, directors, employees, consultants, retained experts, or Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u> means a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u> means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium), including their employees and subcontractors.

2.14 <u>Protected Material</u> means any Disclosure or Discovery Material designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u> means a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later

of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time.

## 5. DESIGNATING PROTECTED MATERIAL

### 5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order shall limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party shall designate for protection only the part or parts of any material, documents, items, or oral or written communications that so qualify. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

### 5.2 Manner and Timing of Designations.

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated as follows.

 (a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party shall clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the

designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party shall affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party shall clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For testimony given in depositions, the Designating Party shall identify the Disclosure or Discovery Material subject to this Order on the record or within 7 days of receiving the final transcript of the deposition.

(c) For information produced in a form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items will not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.

1        The Challenging Party shall initiate the dispute-resolution process under Local
Rule 37.1 et seq.

       6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

       7.1     <u>Basic Principles</u>.

       A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has concluded, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

       7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

       Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

       (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

       (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

       (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)  the court and its personnel;

    (e)  court reporters and their staff;

    (f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h)  during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary provided:

        (1) the witness signs the form attached as Exhibit 1 hereto; and

        (2) the witness is not permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), or unless otherwise agreed to by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    (i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

    (a)  promptly notify in writing the Designating Party. Such notification shall

include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is asked to disclose or produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that

some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this stipulated protective order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately

(a) notify in writing the Designating Party of the unauthorized disclosures,

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work-product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1  Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any information or material covered by this Protective Order.

12.3  Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## 13. FINAL DISPOSITION

Within 60 days of a written request by a Designated Party after final disposition of

this Action as defined in paragraph 4, each Receiving Party shall return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

SIGNATURES NEXT PAGE

| | |
|---|---|
| 1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. |
| 2 | |
| 3 | July 31, 2019           LATHAM & WATKINS, LLP |

July 31, 2019         LATHAM & WATKINS, LLP

By:     */s/ Steven B. Lesan*
Steven B. Lesan
Attorneys for Plaintiffs L.A. Terminals, Inc. and Soco West, Inc.

July 31, 2019         NIELSEN, HALEY & ABBOTT, LLP

By:     */s/ Daniel N. Katibah*
Daniel N. Katibah
Attorneys for Defendant United National Insurance Company

## **ATTESTATION**

I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

July 31, 2019         By:     */s/ Daniel N. Katibah*
Daniel N. Katibah

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 8/21/19

_____/S/_____
Hon. Suzanne H. Segal
United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2019, in the case of *L.A. Terminals, Inc., et al. v. United National Ins. Co.*, C.D. Cal. No. 8:19-cv-00286-ODW-SS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____