O

# United States District Court
# Central District of California

| | |
|---|---|
| L.A. TERMINALS, INC. and SOCO WEST, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED NATIONAL INSURANCE COMPANY, <br><br> Defendant. | Case № 8:19-cv-00286-ODW (PVCx) <br><br> **ORDER TO PAY DEFENSE COSTS IN FULL PURSUANT TO DECLARATORY RELIEF RE: DUTY TO DEFEND** |

## I.      INTRODUCTION

This is a coverage dispute between an insurer and its insureds.  The insureds are Plaintiffs L.A. Terminals, Inc. ("LAT") and SOCO West, Inc., and the insurer is Defendant United National Insurance Company.  On June 21, 2022, the Court granted partial summary judgment in Plaintiffs' favor, finding that United breached its duty to defend Plaintiffs and provide independent counsel in two environmental contamination lawsuits.  (*See* Second Am. Compl. ("SAC") ¶¶ 55–72, ECF No. 50; Order Granting Summ. J. 19, ECF No. 129.)

The Court then ordered the parties to file supplemental briefing and evidence on the issue of Plaintiffs' claimed damages.  (Order Granting Summ. J. 20.)  On November 14, 2022, November 28, 2022, and December 7, 2022, the Court held

hearings on the damages issue. (Mins. 11/14 Conference, ECF No. 163; Mins. 11/28 Conference, ECF No. 169; Mins. 12/7 Conference, ECF No. 173.)

As discussed more fully below, the Court now effectuates its prior summary judgment ruling by **ORDERING** United to pay Plaintiffs' defense costs in full, starting from May 4, 2018, thus mooting Plaintiffs' remaining claim for damages pursuant to breach of contract.

## II. BACKGROUND

As relevant here, LAT and SOCO were involved in two environmental contamination enforcement actions: one brought in state court by the City of Los Angeles against LAT and eventually SOCO, and the other brought in federal court by LAT against the City and others. In the federal action, a third-party defendant countersued LAT and SOCO, resulting in LAT and SOCO defending in both actions. In 2018 and 2019, LAT and SOCO tendered the defense of both actions to United, which declined the defense. LAT and SOCO retained the law firm of Rutan & Tucker ("Rutan") for their defense. (Order Granting Summ. J. 2–5.)

Eventually, in April 2019, United agreed to defend LAT and SOCO in both actions pursuant to a reservation of rights, but insisted on its own selected defense counsel. In response, Plaintiffs argued they were entitled to continued representation through Rutan, as independent counsel. United refused Plaintiffs' demand for independent counsel and, to date, has not paid any amount of Plaintiffs' defense costs. Rutan continues to defend LAT and SOCO in both Underlying Actions. (*Id.* at 4–5.)

Plaintiffs filed this insurance defense suit in state court, and on February 13, 2019, United removed based on diversity jurisdiction. (Notice of Removal, ECF No. 1.) In the operative Second Amended Complaint, filed April 9, 2020, Plaintiffs asserted four causes of action against United: (1) declaratory relief—duty to defend upon tender of state court action; (2) declaratory relief—right to independent counsel; (3) breach of the duty to defend; and (4) breach of the covenant of good faith and fair dealing. (SAC ¶¶ 55–77.) The parties filed cross-motions for summary judgment,

Plaintiffs as to the first three causes of action and United as to the fourth. (*See* Pls. Mot. Summ. J, ECF No. 79; Def. Mot. Summ. J., ECF No. 101.) However, the parties settled their dispute as to the fourth cause of action, (Notice Partial Settlement, ECF No. 126; Stip. Dismiss, ECF No. 152), and the Court accordingly denied United's motion as moot and dismissed the fourth cause of action, (Mins., ECF No. 127; Order Granting Stip. Dismiss, ECF No. 154).

The Court then partially granted Plaintiffs' motion, finding that (1) United owed a duty to defend from May 4, 2018; (2) Plaintiffs are entitled to independent counsel to be provided by United; and (3) United breached its duty to defend Plaintiffs. (Order Granting Summ. J. 19.) As part of that Order, the Court made an interlocutory finding that "the amount of Plaintiffs' damages from United's breach, as well as the reasonableness and necessity of those expenses, is most appropriately resolved by the Court." (*Id.* at 20.) The Court ordered the parties to file supplemental briefing and invited the parties to "note any objection to the Court determining Plaintiffs' damages in their briefs." (*Id.*)

The Court now has the benefit several conferences and briefs on this issue. (*See* Pls. Suppl., ECF No. 130; Def. Suppl., ECF No. 145; Pls. Resp., ECF No. 157-1 (filed with Court's leave); Def. Resp., ECF No. 159-1 (same); Def. Second Suppl., ECF No. 164-1 (same); Def. Br., ECF No. 171; Pls. Br., ECF No. 172.)

### III.   DISCUSSION

In the Order granting Plaintiffs' Motion for Summary Judgment, the Court ruled in full or in part on each of Plaintiffs' three claims. The Court granted in full Plaintiffs' first and second equitable claims for declaratory relief that United owed a duty to defend and Plaintiffs are entitled to independent counsel to be provided by United. On the third, legal claim, for breach of the duty to defend, the Court granted Plaintiffs' motion in part, finding that United had breached its duty to defend Plaintiffs in the underlying litigations. The Court reserved and did not reach the question of Plaintiffs' damages from the breach. (Order Granting Summ. J. 19.)

The Court's conferences with counsel and the parties, and the parties' supplemental briefing, confirm that United continues to refuse to pay Plaintiffs any of their defense costs, despite the Court's orders finding United is obligated to defend Plaintiffs. (Pls. Br. 1; Transcript 12/7 Conference 4:23–5:16.)

The California Court of Appeal in *American Motorists Insurance Co. v. Superior Court*, 68 Cal. App. 4th 864, 871 (1998), considered a similar set of circumstances that arose in an insurance defense case in California trial court. This Court first reviews *American Motorists*, and then, as described and affirmed in *American Motorists*, orders full payment of all Plaintiffs' past, present, and future defense costs. As further discussed below, this order effectively moots the question of damages on the third cause of action. Should United seek to challenge the reasonableness or applicability of Plaintiffs' defense costs, United may pursue a separate action for equitable recoupment.

A.  *American Motorists*

In *American Motorists*, an insured was a defendant in several underlying environmental contamination actions. The insured sued its insurer for (1) declaratory relief regarding duty to defend, (2) declaratory relief regarding duty to indemnify, (3) specific performance of duty to defend, and (4) damages for the insurer's failure to provide benefits under the insurance policies. 68 Cal. App. 4th at 868. The insurer cross-complained against the insured "for declaratory relief, asking for a declaration that it was not obligated to defend or indemnify [the insured] and for reimbursement (equitable recoupment)" of any money it paid defending the insured in the underlying actions. *Id.* As here, the insured then moved for summary adjudication, and the court granted the insured's motion, finding that the insurer was obligated to defend the insured. *Id.* And as here, the insurer did not pay. *Id.*

When the insurer persisted in refusing to pay the insured's defense costs, the trial court in *American Motorists* issued an "enforcement order" directing the insurer "to make an immediate payment" to the insured of attorneys' fees and costs, and "to

| | |
|---|---|
| 1 | thereafter remain current in paying its share of the full cost of defending the |
| 2 | contamination actions." *Id.* at 869 (internal quotation marks omitted).  The California |
| 3 | Court of Appeal affirmed the summary judgment and enforcement orders as proper, |
| 4 | finding the enforcement order "conformed to the settled rule that when a court of |
| 5 | equity has obtained jurisdiction of the parties and of the subject-matter[,] it will seek |
| 6 | to administer complete relief, particularly with respect to finding the means of |
| 7 | enforcing its decrees against a delinquent defendant." *Id.* (internal quotation marks |
| 8 | omitted).  Nevertheless, the insurer did not pay any defense costs until several years |
| 9 | later, only after the insured filed a separate bad faith action against the insurer.  *Id.* |
| 10 | Back in the original insurance defense case, the insurer asked the trial court to |
| 11 | find that it was entitled to a jury trial to determine the reasonableness of the defense |
| 12 | costs.  *Id.* at 870.  The trial court denied the insurer's request for a jury trial, finding |
| 13 | the action to be fundamentally equitable, seeking declaratory relief, and therefore |
| 14 | "presenting issues for decision by the court."  *Id.* |
| 15 | The Court of Appeal affirmed.  *Id.* at 871.  It reasoned that the trial court, by |
| 16 | ordering the insurer to pay the insured's defense costs, "severed and decided in favor |
| 17 | of [the insured] its duty-to-defend declaratory relief cause of action."  *Id.* at 873.  This |
| 18 | rendered the "duty-to-defend cause of action for breach-of-contract damages . . . moot, |
| 19 | leaving only [the insurer's] demand for reimbursement."  *Id.*  In essence, the insured |
| 20 | pleaded mutually exclusive claims, the trial court severed the equitable claim, and |
| 21 | decided it first on summary adjudication, finding in the insured's favor.  *Id.* at 874. |
| 22 | The California Court of Appeal confirmed that "the sequence in which things were |
| 23 | done mooted the plaintiff's legal claim and thereby defeated the right the defendant |
| 24 | would otherwise have had to a jury trial on that legal claim."  *Id.* |
| 25 | The Court of Appeal's rationale rested on the rule that "[w]here . . . there are |
| 26 | equitable and legal remedies sought in the same action, the parties are entitled to have |
| 27 | a jury determine the legal issues *unless* the trial court's initial determination of the |
| 28 | |

equitable issues is also dispositive of the legal issues, leaving nothing to be tried by a jury." *Id.* at 871. In particular:

> [N]otwithstanding the general rule that a joinder of equitable and legal claims cannot deprive a party of a right to a jury trial, that right can be defeated when (1) a plaintiff seeks mutually exclusive remedies, (2) severance is properly granted, (3) the equitable claim is tried first by the court and (4) the requested equitable relief is granted, thereby rendering the legal issues moot.

*Id.* at 873 (citing *Walton v. Walton*, 31 Cal. App. 4th 277, 293 (1995)).

**B.     Order to Immediately Pay All Defense Costs; Severance**

The present case is procedurally and substantively apposite to *American Motorists* in all key respects. Here and there, an insured asserted an equitable claim for declaratory relief regarding duty to defend and a legal claim for breach of contractual duty to defend. Here and there, summary judgment was granted in the insured's favor on the issue of the duty to defend. Here and there, the insurer refused to make immediate payment based on the finding of the duty to defend. There (and soon to be here), the court ordered immediate payment of the defense fees, thus severing the equitable claim from the legal claim and rendering the legal claim moot.

In light of these marked similarities, the Court finds it appropriate to fashion relief and proceed according to the trial court process the *American Motorists* court explained and approved. As instructed, "where (as here) a trial court grants a motion for summary adjudication establishing the existence of a duty to defend and orders the immediate payment of defense costs, the carrier must pay as ordered and all issues concerning the carriers' right to reimbursement of all or some part of the fees and costs thus paid are deferred until such time as that issue is ripe." *Id.* at 874; *see also The Hous. Grp. v. PMA Cap. Ins. Co.*, 193 Cal. App. 4th 1150, 1156 (2011) ("If the courts did not impose an immediate defense obligation upon a showing of a 'potential for coverage,' thereby relieving the insured from the burden of financing his own defense and [suing] the insurer for reimbursement, the premiums paid by the insured

would purchase nothing more than a lawsuit." (quoting *Haskel, Inc. v. Superior Court*, 33 Cal. App. 4th 963, 979 n.14 (1995)). Payment in full is justified based on the "presumption" that arises when an insured has been "le[ft] . . . to mount his own defense or suffer a default," that "the amount of . . . defense costs was reasonable." *Barratt Am., Inc. v. Transcon. Ins. Co.*, 102 Cal. App. 4th 848, 864 (2002). *Cf. Buss v. Superior Court*, 16 Cal. 4th 35, 49 (1997) ("To defend meaningfully, the insurer must defend immediately.").

There is no dispute that United continues to refuse to pay Plaintiffs' defense costs, including costs it agrees are reasonable and applicable. (Def. Br. 3; Pls. Br. 1; Transcript 12/7 Conference 5:8–16.) United even reiterated its intent to withhold payment because it disagrees and intends to appeal the Court's ruling. (Def. Br. 3.) But disagreement with a court's order that an insurer owes a duty to defend does not provide a basis for disregarding it. *See Am. Motorists*, 68 Cal. App. 4th at 874 ("[T]he carrier must pay as ordered."). United must comply with this Court's rulings unless and until an appellate court rules otherwise.

In the face of United's intransigence, the Court finds it necessary to exercise its equitable authority to effectuate its prior rulings. Accordingly, based upon the Court's ruling that United owes a duty to defend, and pursuant to the Court's equitable power to "administer complete relief" as described in *American Motorists*, 68 Cal. App. 4th at 869, **the Court ORDERS United to immediately pay Plaintiffs' defense costs, in full, as incurred starting from May 4, 2018, to the present day**. As in *American Motorists*, the force and applicability of this Order is not diminished by United's intent to appeal this Court's rulings that United owes a duty to defend.

Moreover, **United shall continue to pay Plaintiffs their defense costs as those costs are incurred on a going-forward basis**.

The effect of this Order compelling United to pay Plaintiffs' defense costs in full has the legal effect of severing and deciding in Plaintiffs' favor its duty-to-defend declaratory relief cause of action. *Am. Motorists*, 68 Cal. App. 4th at 873 ("The order

compelling [the insurer] to pay [the insured's] defense costs severed and decided in favor of [the insured] its duty-to-defend declaratory relief cause of action."). Thus, pursuant to *American Motorists*, the Court hereby severs and decides Plaintiffs' equitable claims, such that Plaintiffs' "duty-to-defend cause of action for breach-of-contract damages is moot." *Id.*

## IV. CONCLUSION

For the foregoing reasons, and pursuant to *American Motorists Insurance Co. v. Superior Court*, 68 Cal. App. 4th 864 (1998), the Court **ORDERS** United to immediately pay Plaintiffs' defense costs, in full, as incurred and reflected in invoices from Rutan, starting from May 4, 2018, to the present day. United shall continue to pay Plaintiffs their defense costs as those costs are incurred on a going-forward basis. As no claims remain to be determined in this action, the Court will issue Judgment.

**IT IS SO ORDERED.**

December 27, 2022

                              **OTIS D. WRIGHT, II**
                     **UNITED STATES DISTRICT JUDGE**