O

# United States District Court
# Central District of California

| | |
|---|---|
| L.A. TERMINALS, INC. et al., | Case № 8:19-cv-00286-ODW (PVCx) |
| Plaintiffs, | |
| v. | **ORDER AWARDING ATTORNEYS' FEES RE: CONTEMPT MOTION** |
| UNITED NATIONAL INSURANCE COMPANY, | |
| Defendant. | |

## I.      INTRODUCTION & BACKGROUND

This case is a long-running insurance coverage dispute between Plaintiffs L.A. Terminals, Inc. and Soco West, Inc., and their insurer, Defendant United National Insurance Company.  (Order Grant Contempt 1, Dkt. No. 266.)  On January 7, 2026, the Court found United in civil contempt for violating the Court's orders directing United to pay Plaintiffs' underlying defense expenses.  (*Id.* at 12.)  As a compensatory sanction, the Court awarded Plaintiffs their reasonable attorneys' fees and costs incurred in bringing the successful contempt motion.  (*Id.*)  Now, having reviewed Plaintiffs' request for fees, (Decl. James A. Tabb ("Tabb Decl."), Dkt. No. 270), and United's Response, (Resp., Dkt. No. 271), the Court **AWARDS** Plaintiffs **$69,260** in attorneys' fees.

## II.    LEGAL STANDARD

A court's inherent authority to compel compliance with its orders affords it "broad equitable power[s] to order appropriate relief in civil contempt proceedings." *SEC v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003).  Among those equitable powers is the authority to award fees and expenses incurred in those proceedings.  *Perry v. O'Donnell*, 759 F.2d 702, 704–06 (9th Cir. 1985).  Such an award is limited to those fees reasonably and necessarily incurred in the attempt to enforce compliance.  *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1028 (9th Cir. 1985) (affirming award of attorneys' fees for successful contempt motions).

To determine the reasonableness of a party's fee request, courts use the "lodestar method."  *Morales v. San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  Under the lodestar method, courts multiply the number of hours reasonably expended by a reasonable hourly rate.  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).  The fee applicant bears the initial burden of demonstrating with evidence that the hours worked and rates charged are reasonably necessary.  *Welch v. Met. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007).  Once the applicant meets its initial burden, the burden shifts to the opposing party to present equally specific countervailing evidence.  *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992).  The lodestar is presumptively a reasonable fee award.[1]  *Id.* at 1397.

The court has a "great deal of discretion in determining the reasonableness of the fee."  *Id.* at 1398.

## III.    DISCUSSION

Plaintiffs seek $123,188 in fees for 87.4 hours expended in bringing the contempt motion.  (Tabb Decl. ¶ 6, Ex. C ("Billing Breakdown"), Dkt. No. 270-3.) This figure is based on the following hourly rates: Attorney James A. Tabb at $1,595; Attorney Joe C. Bsaibes at $1,350; and Paralegal Tara Villegas at $450.  (Tabb Decl.

---

[1] "If circumstances warrant," the court may also consider adjusting the lodestar.  *Camacho*, 523 F.3d at 978; *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1995).

¶¶ 3–5; Billing Breakdown.)  Plaintiffs do not seek costs.  (*See generally* Tabb Decl.)  United objects to the fee request on the grounds that the attorneys' hourly rates are unreasonable and unsupported.  (Resp. 3.)  United does not challenge the total hours expended or Villegas's hourly rate.  (*See generally id.*)[2]  The Court finds the hours expended reasonable and so focuses solely on the reasonableness of the hourly rates.

An attorney's hourly rate is reasonable if it is in line with the "prevailing market rates in the relevant community."  *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  Billing rates are "established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity."  *Welch*, 480 F.3d at 946.  In making this showing, "affidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases are satisfactory evidence of the prevailing market rate."  *Camacho*, 523 F.3d at 979–80 (citation modified).  The relevant community is typically that "in which the district court sits."  *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).  In assessing whether the rates are reasonable, a district court may rely on its "own knowledge of customary rates" and its "familiarity with the legal market."  *Ingram v. Oroudijian*, 647 F.3d 925, 928 (9th Cir. 2011).

**A.    Attorney James A. Tabb**

Plaintiffs request an hourly rate of $1,595 for Tabb.  (Billing Breakdown.)  In support, Plaintiffs submit Tabb's declaration and firm biography providing that he is Counsel at Latham & Watkins and has twenty-seven years of experience in complex commercial litigation with an emphasis in insurance litigation.  (Tabb Decl. ¶ 3, Ex. A ("Tabb Bio"), Dkt. No. 270-1.)  However, Plaintiffs submit no evidence at all that the requested rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Camacho*,

---

[2] United also broadly opposes awarding Plaintiffs' fees on the grounds that the contempt order is wrong.  (Resp. 3.)

523 F.3d at 980.  Tabb does not even declare that he believes his rate is reasonable. (*See generally* Tabb Decl.)  The cases Plaintiffs cite also do not support Tabb's rate. (*Id.* ¶ 8.)  For instance, *Beryl v. Navient Corp.* involved a complex ERISA dispute in which the court approved an hourly rate of $1,200 for an attorney with thirty-four years of extensive ERISA experience, where the movant supported the requested rates with additional declaration evidence.  No. 20-cv-05920-LB, 2023 WL 4570626, at *1, 3–4 (N.D. Cal. July 13, 2023).  First, the instant case is not a complex ERISA dispute in the Northern District; it is a fairly standard insurance defense dispute in the Central District of California.  Further, Tabb is not as experienced or specialized as the attorney in *Beryl*.  Yet, he seeks a much higher rate while providing substantially less evidentiary support than the movant in *Beryl*.  On the whole, Plaintiffs fail to adequately support Tabb's requested rate.[3]

United proposes reducing Tabb's hourly rate to $900 based on a midline of the rates found reasonable in *Beryl*: between a ten-year associate ($600) and a highly experienced trial attorney ($1,200).  (Resp. 6 (citing *Beryl*, 2023 WL 4570626, at *2).) United deftly points, for comparison, to the highest rate charged by Plaintiffs' attorneys in the underlying environmental litigation: $780 per hour for an attorney with more than forty years of environmental litigation experience.  (*Id.*)  This rate for an extensively experienced attorney is below United's proposal, supporting the proposal's reasonableness.  Turning to the Court's familiarity with the legal market, cases within this District have recently awarded attorneys' fees with experienced counsel and partner hourly rates between $731 and $985.  *See, e.g.*, *Aung v. Watts*, No. 2:24-cv-05501-SVW,  2025 WL  2659222,  at *3  (C.D. Cal.  Aug. 7,  2025) (approving  hourly  rates  of  $985  for  partners); *Hesselbrock v. I.Q. Data Int'l, Inc.*, No. 2:23-cv-02169-FLA (PVCx), 2024 WL 4375793, at *2 (C.D. Cal. Sept. 16, 2024)

---

[3] The Court does not find persuasive or relevant the order from Plaintiffs' New Jersey bankruptcy case approving Plaintiffs' fee application there.  (Tabb Decl. Exs. F–G, Dkt. Nos. 270-6 to 270-7.)

(collecting cases) (approving Los Angeles attorney average hourly rate of $731 for attorneys with more than thirty years' experience).

Based on the Court's own familiarity with the legal market, United's objection, and lacking any support from Plaintiffs that the hourly rate of $1,595 is reasonable for an attorney of Tabb's experience in this community, the Court accepts United's proposal of $900 per hour as reasonable.

## B.    Attorney Joe C. Bsaibes

Plaintiffs request an hourly rate of $1,350 for Bsaibes.  (Billing Breakdown.) Bsaibes does not submit a declaration.  Rather, Plaintiffs again rely on Tabb's declaration to provide Bsaibes's experience and qualifications.  (Tabb Decl. ¶ 4.) According to Tabb, Bsaibes is a sixth-year associate (fifth-year for most of the work done on the contempt motion) whose litigation practice has thus far focused on insurance litigation.  (*Id.* Ex. B ("Bsaibes Bio"), Dkt. No. 270-2.)  That is the extent of Plaintiffs' evidentiary support for Bsaibes's requested rate.  As above, this is inadequate.  Plaintiffs submit nothing to show such a steep rate is in line with those prevailing in the community for a fifth-year associate.  They again rely on *Beryl*, (Tabb Decl. ¶ 8), but in that case the court approved an unchallenged rate of $600 for an associate with ten years of experience, less than half the rate for someone with twice Bsaibes's experience.  2023 WL 4570626, at *1, 6.

United proposes reducing Bsaibes's rate to $750 per hour.  United accurately notes that this Court recently approved an hourly rate of $700 for a senior civil rights attorney with twelve years of experience.  (Resp. 7 (citing *Zelaya v. City of Los Angeles*, No. 2:20-cv-08382-ODW (MAAx), 2024 WL 3183882, at *3–4 (C.D. Cal. June 25, 2024)).)[4]  The Court would be inclined to go lower than United's proposed $750 per hour for Bsaibes in light of his modest experience and Plaintiffs' failure to support his rate.  *See Azizi v. Tesla, Inc.*, No. 2:24-cv-10812-SPG (AGRx), 2025 WL 3711850, at *3 (C.D. Cal. Aug. 15, 2025) ("[W]hile an award of $525 per hour is not

---

[4] Plaintiffs also rely on *Zelaya*.  (Tabb Decl. ¶ 8.)

outside of the range of reasonable rates, such awards are generally reserved for attorneys that have shown they have more than five years of experience.") (collecting cases). However, the Court is aware of cases within this District awarding associate rates similar to United's proposal. *See, e.g.*, *Aung*, 2025 WL 2659222, at *3 (approving associate hourly rate of $713); *Washington v. ViacomCBS, Inc.*, No. 2:20-cv-00435-CBM (PJWx), 2021 WL 6134375, at *4–5 (C.D. Cal. Dec. 9, 2021) (approving associate hourly rate of $745). As such, the Court accepts United's proposed rate of $750 per hour for Bsaibes as reasonable.

## C.    Paralegal Tara Villegas

Plaintiffs request an hourly rate of $450 for Villegas. (Billing Breakdown.) Although United does not challenge this rate, the Court has "an independent obligation to review it and determine if it is reasonable in light of the work performed." *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. 2:08-cv-00519-MMM (RZx), 2009 WL 605789, at *6 (C.D. Cal. Mar. 9, 2009) (citation modified). As above, Plaintiffs do not support the reasonableness of Villegas's requested hourly rate beyond stating she has over eighteen years of complex litigation paralegal experience. (Tabb Decl. ¶ 5.) Thus, the Court relies on its familiarity and knowledge of prevailing rates in the community, *Ingram*, 647 F.3d at 928, and looks to decisions in this District for guidance. On that basis, the Court finds $350 to be a reasonable hourly rate for Villegas in light of her extensive experience. *See Hesselbrock*, 2024 WL 4375793, at *2 (approving paralegal hourly rate of $275); *Aung*, 2025 WL 2659222, at *3 (approving paralegal hourly rate of $229).

## D.    Lodestar Calculation

Multiplying the hours expended by the above approved rates produces the lodestar. Tabb billed 39.4 hours at $900 per hour, for a total of $35,460. Bsaibes billed 42.5 hours at $750 per hour, for a total of $31,875. Villegas billed 5.5 hours at $350 per hour, for a total of $1,925. Adding those sums yields a total lodestar of $69,260, which is presumptively reasonable. *Gates*, 987 F.2d at 1397.

6

## IV.    CONCLUSION

For the reasons discussed above, the Court **AWARDS** Plaintiffs **$69,260** in attorneys' fees for their successful contempt motion.

**IT IS SO ORDERED.**

June 12, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**